UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

DOMINIQUE DOSS #785510,

        Plaintiff,                                   Case No. 2:17-CV-44

v.                                              HON. GORDON J. QUIST

MITCHELL MCPHERSON,

        Defendant.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

      This is a civil rights action brought by state prisoner, Dominique Doss, pursuant to 42 U.S.C. § 1983.  Doss asserts four retaliation claims again Defendant Mitchell McPherson.  On June 5, 2020, U.S. Magistrate Judge Maarten Vermaat issued a Report and Recommendation (R & R), recommending that the Court grant Defendant McPherson summary judgment on three of the four retaliation claims. (ECF No. 42.)  Plaintiff has filed objections. (ECF No. 43.)  Upon receiving objections to the R & R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  This Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  After conducting a de novo review of the R & R, the objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

      To begin, Defendant McPherson argues that the Court should not accept Plaintiff's objections because they are untimely.  According to Defendant McPherson, Plaintiff's objections

were postmarked four days after the deadline to file objections.  Plaintiff has not addressed the timeliness of his objections.[1]  Therefore, the Court finds that Plaintiff's objections are untimely.

Even if Plaintiff's objections were timely, they are without merit.  Plaintiff makes one objection that focuses on only the fourth retaliation claim.  In this claim, Plaintiff alleges that Defendant McPherson issued Plaintiff a misconduct for threatening behavior on October 6, 2015, in retaliation for Plaintiff filing grievances.  (ECF No. 43 at PageID.379.)  Specifically, Plaintiff said, "McPherson if you pass my mail under the door again I will beat your fucking ass."  (ECF No. 38-4 at PageID.297.)  The magistrate judge recommended granting Defendant McPherson summary judgment on this claim because he had met his burden to show that he would have issued the misconduct in the absence of Plaintiff's protected conduct.  *See Thaddeus-X v. Blatter*, 175 F.3d 378, 399 (6th Cir. 1999) ("If the defendant can show that he would have taken the same action in the absence of the protected activity, he is entitled to prevail on summary judgment.").

Plaintiff argues that the magistrate judge erred by improperly weighing evidence, failing to accept Plaintiff's evidence as true, and improperly evaluating creditability.  Plaintiff contends that the magistrate judge incorrectly determined that Defendant McPherson knew of Plaintiff's misconduct record when he issued the misconduct on October 6, 2015. At issue is the following statement from the magistrate judge: "Given Doss's extensive history of misconduct, it is difficult to believe that a Corrections Officer would fail to issue a Class I misconduct ticket when confronted with the conduct described in the ticket." (ECF No. 42 at PageID.370.)  To the extent the magistrate judge assumed that Defendant McPherson knew of Plaintiff's misconduct record, that assumption is not supported by the evidence.  It is not clear, however, that the magistrate judge made such an assumption.

---

[1] The Court notes that it is unclear when Plaintiff received the R & R.

Plaintiff next argues that the magistrate judge erred when analyzing Plaintiff's previous threat toward Defendant McPherson.  In the Complaint, Plaintiff alleged that he told Defendant McPherson on July 30, 2015, "I'm going to beat your ass for playing with my mail."  (ECF No.1 at PageID.3.)  Plaintiff further alleged that Defendant McPherson responded, "There's no need to make threats, . . . ." (*Id.*)  Defendant McPherson did not issue Plaintiff a misconduct based on the July 30, 2015, threat.  In his discovery responses, Defendant McPherson claimed that "Plaintiff did not threaten me at that time, if he did, I would have written a misconduct." (ECF No. 40-1 at PageID.348.) According to Plaintiff, Defendant McPherson issued the misconduct for the second threat because Plaintiff had filed grievances.

Plaintiff relies on *Thomas v. Eby*, 481 F.3d 434 (6th Cir. 2007). There, the Sixth Circuit reversed the district court's order granting the defendant's motion to dismiss on Plaintiff's misconduct retaliation claim.  *Id.* at 442.  The Sixth Circuit opined that "it was possible that after discovery" a plaintiff "could prove that he had exposed himself to [the defendant] in the past, but she had never pursued disciplinary action until after he filed a grievance against another guard." *Id.*  Plaintiff contends that he has shown that he threatened Defendant McPherson in the past, but Defendant McPherson did not issue a misconduct until after he filed grievances.

Viewing the evidence in the light most favorable to Plaintiff, the Court agrees with the magistrate judge's conclusion that Defendant McPherson is entitled to summary judgment on this claim.  Plaintiff has not produced any additional evidence after discovery.  Further, the misconduct at issue in the instant case is serious—threatening to beat up a corrections officer.  The record establishes that it is not unusual for an inmate to receive a misconduct for threatening behavior. In fact, Plaintiff has received at least four other "threatening behavior" misconducts before the

October 6, 2015, misconduct.[2]  (ECF No. 38-7 at PageID.310.) In the Court's view, Defendant McPherson has shown that he would have taken the same action in absence of the grievance.  *See Thaddeus-X*, 175 F.3d at 399; s*ee also Nieves v. Bartlett*, __ U.S. __, 139 S. Ct. 1715, 1722 (2019) ("It is not enough to show that an official acted with a retaliatory motive and that the plaintiff was injured—the motive must cause the injury.").

**Accordingly, IT IS HEREBY ORDERED** that the June 5, 2020, Report and Recommendation (ECF No. 42) is **adopted** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant McPherson's motion for summary judgment (ECF No. 37) is **GRANTED IN PART** and **DENIED IN PART**.  Plaintiff's second, third, and fourth retaliation claims, as well as the claims against Defendant McPherson in his official capacity are **dismissed with prejudice**.

This case will proceed to trial on Plaintiff's first retaliation claim.

Dated: January 8, 2021                                             /s/ Gordon J. Quist
                                                    _____
                                                           GORDON J. QUIST
                                                    UNITED STATES DISTRICT JUDGE

---

[2] While Plaintiff asserts in his Complaint that he threatened to beat up Defendant McPherson on July 30, 2015, he has maintained throughout the record that he never threatened Defendant McPherson on October 6, 2015. Thus, it is difficult for the Court to accept Plaintiff's new argument that he made nearly the identical threat on July 30, 2015, and October 6, 2015.